IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDRE F. OTTS, :
:
    Petitioner, :
:
vs. : CIVIL ACTION NO. 3:05-0306
: (JUDGE KOSIK)
UNITED STATES PAROLE :
COMMISSION and :
TROY WILLIAMSON :
:
    Respondents. :

**MEMORANDUM**

Before the court is Andre F. Otts' ("Petitioner"), "Motion In Response To Magistrate Judge Smyer [sic] Report And Recommendation To Dismiss Petitioner's Original Petition" (Doc. 13). We will construe the filing as objections to the Report and Recommendation of Magistrate Judge J. Andrew Smyser (Doc. 12) filed on April 11, 2005. Also before this court is Petitioner's, "Supplemental Addendum To Petitioners Traverse" (Doc. 15), which appears to be a supplement to the petition for writ of habeas corpus.[1] For the reasons which follow, we will adopt the Report and

---

[1] "Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order to avoid an unnecessary dismissal . . ., to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Castro v. U.S.*, 540 U.S. 375, 381-82 (2003) (*internal citations omitted*). Given Petitioner's status as an incarcerated pro se litigant, and in accordance with the above policy of liberal construction, we will treat Plaintiff's filing as a supplement to his petition for writ of habeas corpus.

Recommendation of the Magistrate Judge and deny the petition for writ of habeas corpus. We will also deny Petitioner's supplemental petition.

## I. BACKGROUND

Andre Otts was sentenced by the Superior Court of the District of Columbia on April 3, 1995, to a term of incarceration of four to twelve years. The United States Parole Commission (hereinafter "Commission") released Petitioner on parole on December 14, 2001. *See* Certificate of Parole 12/14/01 (Doc. 8, Ex. 2). On October 5, 2002, the Commission revoked Petitioner's parole due to his use of dangerous and habit forming drugs, failure to report, and failure to submit to drug testing. *See* Notice of Action 10/5/02 (Doc. 8, Ex. 3). The Commission ruled that none of the time Petitioner spent on parole was to be credited toward his sentence. *Id.*

The Commission paroled Petitioner a second time for the 1995 conviction on July 29, 2003. *See* Certificate of Parole 7/29/03 (Doc. 8, Ex. 4). On December 2, 2003, the Commission issued a warrant application and warrant charging Petitioner with violating the conditions of his parole by using illegal drugs, failing to report, failing to comply with a drug treatment requirement, and failing to submit for drug testing. *See* Warrant Application 12/2/03 (Doc. 8, Ex. 5). The Commission's warrant was executed on December 15, 2003. *See* Sentence Monitoring Form (Doc. 8, Ex. 1). On December 19, 2003, the Commission supplemented the warrant with charges of law violations on two different dates involving new criminal charges of possession of heroin and distribution of heroin. *See* Warrant Supplement (Doc. 8, Ex. 7). Petitioner presented for a probable cause hearing where he admitted to the initial parole

violations, but denied the law violations. *See* Probable Cause Hearing Form (Doc. 8, Ex. 8).

By a Notice of Action dated March 3, 2004 (Doc. 8, Ex. 10), the Commission revoked Petitioner's parole for a second time in connection with his 1995 sentence. The Commission ordered Petitioner to be returned to prison for the remainder of his sentence, an amount of time greater than that recommended in the guidelines found in 28 C.F.R. § 2.21. The Commission determined, once again, that none of Petitioner's time on parole would be credited toward his sentence. *Id.* The Commission reasoned that Petitioner should serve the remainder of his sentence due to his history of parole violations. The Commission found Petitioner to be a poorer parole risk than indicated by his Salient Factor Score because he had at least four previous parole revocations. *Id.* In addition to the two parole revocations following his 1995 sentence, the presentence report (Doc. 9) provided by the respondents revealed that Petitioner had violated parole on three occasions relating to two prior convictions.

The February 18, 2004 Hearing Summary initially noted that Petitioner was not entitled to an interim review hearing until February 2006. The March 3, 2004 Notice of Action, however, indicated that Petitioner should be provided with a review hearing in August of 2005. By a Notice of Action dated June 9, 2005 (Doc. 20), the Commission rescheduled the review hearing for February 2006.

Petitioner's trial relating to the December 2003 drug arrest began on March 31, 2004. *See* Petition at 3. On April 1, 2004, Petitioner was found guilty of distribution of heroin and possession with the intent to distribute heroin. *Id*. at 4. On August 27,

3

2004, Petitioner was sentenced to a total of four years imprisonment and three years of supervised release, to run consecutive to the 1995 sentence. *Id*.

Petitioner filed his petition for writ of habeas corpus on February 11, 2005, pursuant to 28 U.S.C. § 2241. *See* Petition. Petitioner alleged that the Commission violated 28 C.F.R. § 2.21 by not giving him credit for the time he claimed to have served on his new sentence. *Id.* He further complained that the Commission erred when it noted that he had a total of five parole revocations. Petitioner asserted that the Commission's decision was arbitrary and capricious, and denied Petitioner due process. *Id.* Finally, Petitioner contended that his case should be reopened pursuant to 28 C.F.R. § 2.28, that the Commission should render a reparole decision pursuant to 28 C.F.R. § 2.81, and that he is entitled to a dispositional review of his detainer under 28 C.F.R. § 2.100. *Id.*

The United States Parole Commission and Troy Williamson (hereinafter "Respondents") filed a response to the petition on March 16, 2005. (Doc. 8). Petitioner filed a, "Traverse to Respondent's Answer" on March 25, 2005. (Doc. 11). On April 1, 2005, Magistrate Judge Smyser filed a Report and Recommendation, recommending that the petition for writ for habeas corpus be denied and the case closed. Magistrate Judge Smyser determined: (1) that the Commission did not violate Petitioner's due process when it reincarcerated him for the term of his sentence based on the fact that Petitioner is a parole risk, having violated parole on five occasions; (2) that 28 C.F.R. § 2.21 is inapplicable and Petitioner is due no credit for time served on the subsequent sentence as Petitioner's sentence on his 2004 conviction was ordered to run consecutive to the 1995 sentence; (3) that Petitioner's

4

claim that his case should be reopened pursuant to 28 C.F.R. § 2.28 is without merit; (4) that there was a rational basis for the Commission to render a decision outside of the guidelines; and, (5) that 28 C.F.R. § 2.100 does not apply to provide Petitioner with a dispositional review.

Petitioner filed a "Motion In Response To Magistrate Judge Smyer [sic] Report and Recommendation" on April 22, 2005. As noted above, we will treat Petitioner's motion as objections to the Report and Recommendation. Petitioner presents two identifiable objections to the Report and Recommendation. Petitioner objects that the Report and Recommendation notes that Petitioner has been scheduled for a review hearing in August of 2005, but no such hearing is scheduled. Petitioner further argues that Commission must hold a parole review hearing pursuant to 28 C.F.R. § 2.28(c) and 28 C.F.R. § 2.75(e) because he received a subsequent sentence. Petitioner asks that this court stay the present proceedings until the Commission holds a review hearing. Respondents filed a brief in opposition to Petitioner's objections on May 6, 2005. (Doc. 14).

Petitioner then filed a "Supplemental Addendum To Petitioners Traverse" on May 24, 2005. (Doc. 15). We will treat the filing as a supplement to the petition for writ of habeas corpus (hereinafter "Supplement"). In the Supplement, Petitioner raises the same issue aired in his first objection to the Report and Recommendation. Specifically, he asserts that the Commission failed to schedule a parole review hearing for August of 2005. Respondents filed a response to the Supplement on June 14, 2005. (Doc. 18). Petitioner then filed a reply brief in support of the Supplement on June 21, 2005. (Doc. 19).

## II. APPLICABLE STANDARDS OF REVIEW

### A. Review Of Objections To Report And Recommendation

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B. Review Of Supplement To Petition For Writ Of Habeas Corpus

Supplements to pleadings are governed by Federal Rule of Civil Procedure 15(d). The Rule states as follows:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

A prisoner challenging a Parole Commission decision is required to exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. See *U.S. v. Kennedy*, 851 F.2d 689, 691 (3d Cir. 1988); *see also Fuller v.*

*Rich*, 11 F.3d 61, 62 (5th Cir.1994) (citing *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir.1991)). Issues raised in a Supplement to a petition for writ of habeas corpus must also have been the subject of a claim for administrative relief before they will be entertained in a habeas action.

## III. DISCUSSION

### A. Objection To February 2006 Review Hearing Date

Petitioner's Supplement and his first objection to the Report and Recommendation complain that the Commission rescheduled a parole review hearing that he believes should have been held in August of 2005. *See* Supplement at ¶ 2. Petitioner did not file a motion for leave to Supplement the petition for writ of habeas corpus as required by Fed.R.Civ.P. 15(c). This court could dismiss the Supplement based upon Petitioner's failure to do so. As noted in the Background section of this Memorandum, Respondents filed a substantive response to the Supplement. As Petitioner is a pro se litigant and because the issue raised in the Supplement to the petition has been briefed by all parties, we will overlook any procedural imperfections and reach the merits of Petitioner's Supplement in our discussion of his first objection to the Report and Recommendation.

Petitioner's arguments on the issue in both his objections and his Supplement are sparse. He merely concludes that a Review Hearing that was initially scheduled for August 2005 was rescheduled for February 2006. Respondents acknowledge that Petitioner's review hearing was rescheduled for February of 2006. They argue, however, that the Hearing Summary for Petitioner's February 18, 2004 revocation

hearing correctly provided that an interim review hearing was to be held after twenty-four months, in February of 2006. Respondents note that 28 C.F.R. § 2.81(a) and 28 C.F.R. §§ 2.14(a) mandate that Petitioner be provided a review hearing only after twenty-four months. Respondents contend that the March 3, 2004 Notice of Action setting an August 2005 hearing was an error. The Commission subsequently corrected the mistake by the Notice of Action dated June 9, 2005. That document rescheduled the review hearing for February 2006. They further cite to *Solheim v. Armstrong*, 859 F.2d 755 (9th Cir. 1988), for the proposition that the Commission has authority to correct clerical errors.

The Commission's decisions regarding reparole of prisoners serving sentences on District of Columbia convictions are governed by 28 C.F.R. § 2.81(a). The regulation states as follows:

> § 2.81 Reparole decisions.
>
> (a) If the prisoner is not serving a new, parolable D.C. Code sentence, the Commission's decision to grant or deny reparole on the parole violation term shall be made by reference to the reparole guidelines at § 2.21. The Commission shall establish a presumptive or effective release date pursuant to § 2.12(b), and conduct interim hearings pursuant to § 2.14.

According to the above regulation, interim hearings, such as the hearing initially scheduled for August 2005, are conducted pursuant to the rules set forth in 28 C.F.R. § 2.14. That regulation provides:

> (a) Interim proceedings. The purpose of an interim hearing required by 18 U.S.C. 4208(h) shall be to consider any significant developments or changes in the prisoner's status that may have occurred subsequent to the initial hearing.

8

> (1) Notwithstanding a previously ordered presumptive release date or fifteen year reconsideration hearing, interim hearings shall be conducted pursuant to the procedures of § 2.13(b), (c), (e), and (f) at the following intervals from the date of the last hearing:
>
> (i) In the case of a prisoner with a maximum term or terms of less than seven years, every eighteen months (until released);
>
> (ii) In the case of a prisoner with a maximum term or terms of seven years or more, every twenty-four months (until released); . . .

In the instant case, Petitioner was convicted in the District of Columbia and sentenced to a maximum sentence of twelve years. Pursuant to 28 C.F.R. § 2.14(a)(1)(ii), Petitioner's interim hearing should have been scheduled for February 2006, a date twenty-four months after his parole revocation hearing in February 2004. Respondents correctly point out that the February 2004 Hearing Summary noted that a review hearing should be held in February 2006. It is clear that the March 3, 2004 Notice of Action setting a review hearing for August 2005 violated 28 C.F.R. § 2.81(a) and 28 C.F.R. §§ 2.14(a) by scheduling the hearing only eighteen months after Petitioner's February 2004 hearing. That error was corrected by the later Notice of Action. Petitioner cannot be heard to complain that he is entitled to a review hearing date that conflicts with the governing regulations. Regardless of the wording of the March 3, 2004 Notice of Action, Petitioner has no right to a review hearing before February of 2006. Accordingly, Petitioner's first objection and his Supplement are without merit.

**B.     Objection Based Upon 28 C.F.R. §§ 2.28(c) And 2.75(e)**

Petitioner contends that 28 C.F.R. § 2.28(c) and 28 C.F.R. § 2.75(e) require that he be provided a parole review hearing based upon "new and significant information." *See* Petitioner's Objections at ¶ 3. Petitioner appears to argue that he is due a review hearing merely because he was convicted and received another prison sentence to be served consecutive to his 1995 conviction. *Id.* at ¶¶ 2 and 3. Petitioner concludes that his sentence is, "not in accord with 28 C.F.R. § 2.28(c)." *Id.* at ¶ 2. Petitioner is in error.

Parole reconsideration hearings for prisoners serving District of Columbia sentences are governed by Section 2.75. The portion of the regulation relevant to this petition follows:

> § 2.75 Reconsideration proceedings.
>
> * * *
>
> (e) Notwithstanding a previously established reconsideration hearing, the Commission may reopen any case for a special reconsideration hearing, as provided in § 2.28, upon the receipt of new and significant information concerning the prisoner.

28 C.F.R. § 2.28(c), cited by the Petitioner as the basis for a new hearing, states:

> (c) Additional sentences. If a prisoner receives an additional concurrent or consecutive federal sentence following his initial parole consideration, the Regional Commissioner shall reopen his case for a new initial hearing on the next regularly scheduled docket to consider the additional sentence and reevaluate the case. Such action shall void the previous presumptive or effective release date. However, a new initial hearing is not mandatory where the Commission has previously evaluated the new criminal behavior, which led to the

>additional federal sentence, at a rescission hearing under 28 CFR 2.34; except where the new sentence extends the mandatory release date for a prisoner previously continued to the expiration of his sentence.

Section 2.28, standing alone, does not apply to District of Columbia prisoners. That regulation only governs the review hearings of prisoners receiving subsequent federal sentences. Section 2.75(e) provides that the Commission has discretion to schedule a Section 2.28 type hearing where new information about the District of Columbia prisoner becomes available. Unlike Section 2.28, Section 2.75(e) does not mandate that a reconsideration hearing be held when a prisoner receives an additional sentence. In this instance, Petitioner is a District of Columbia prisoner. Reconsideration proceedings are governed by 28 C.F.R. § 2.75. Under that regulation, the Commission is not obligated to provide Petitioner with a new hearing merely because he was convicted of a subsequent crime and sentenced to a period of incarceration. Moreover, Petitioner has not provided evidence of "new and significant" information that could lead the Commission to use its discretion under Section 2.75(e) to schedule a reconsideration hearing. Accordingly, Petitioner's argument that he must be provided a reconsideration hearing pursuant to 28 C.F.R. § 2.28(c) is without merit.[2]

---

[2] Even if Petitioner were a federal prisoner whose reconsideration hearing was governed by Section 2.28(c), a hearing would not be mandatory as a revocation hearing concerning Petitioner's actions, including the subsequent crimes, was held February 18, 2004. *See* Notice of Action 3/3/04 (Doc. 8, Ex. 10).

**C.     Recommendations Not Objected To By Petitioner**

Petitioner did not object to the following recommendations: (1) that the Commission did not violate Petitioner's due process when it reincarcerated him for the term of his sentence based on the fact that Petitioner is a parole risk, as a repeat parole violator; (2) that 28 C.F.R. § 2.21 is inapplicable and Petitioner is due no credit for time served on the subsequent sentence as Petitioner's sentence on his 2004 conviction was ordered to run consecutive to the 1995 sentence; and, (3) that 28 C.F.R. § 2.100 does not apply to provide Petitioner with a dispositional review. We find no error in the above recommendations.

The Magistrate Judge recommended the we deny Petitioner's claims that the Commission violated 28 C.F.R. § 2.21 by not giving Petitioner credit for the time he claims he served on his new sentence. By Petitioner's own admission, he was not convicted until April 1, 2004, nearly a month after the Commission issued the Notice of Action revoking Petitioner's parole. *See* Petition at 4. On August 27, 2004, he was then sentenced to a total of four years imprisonment and three years of supervised release, to run consecutive to any other sentence. *Id*. The Magistrate Judge correctly denied Petitioner's claims as Petitioner cannot receive credit toward the instant sentence for time that he has not yet served on a subsequent conviction.[3] Magistrate Judge Smyser properly recommended denying Petitioner's claim that the Commission erred when it noted that he had a total of five parole revocations in the

---

[3] The February 18, 2004 Hearing Summary reveals that Petitioner was credited with serving two months incarceration, reflecting the period of time from the execution of the parole warrant in December of 2003 until the hearing. (Doc. 8, Ex. 9).

Notice of Action revoking his parole on March 3, 2004. A review of the record clearly establishes that Petitioner violated parole on at least five occasions. In addition to the two parole revocations following his 1995 sentence, a presentence report provided by the Respondents shows that Petitioner had violated parole on three occasions relating to two prior convictions. *See* Presentence Report (Doc. 9). Given Petitioner's history of parole violations, the Commission acted within its discretion in recommending that Petitioner be incarcerated for a term longer than the guidelines suggested.

Finally, the Magistrate Judge correctly noted that 28 C.F.R. § 2.100 does not apply to provide Petitioner with a dispositional review. The regulation applies to provide a dispositional review hearing when a parole warrant is lodged as a detainer and the parolee is in the custody of another law enforcement agency or is imprisoned or otherwise in custody after a new sentence. 28 C.F.R. § 2.100(a). In this instance, the Commission executed the parole violator warrant and took Petitioner into custody. He was then provided a revocation hearing. The warrant was not lodged as a detainer. Accordingly, 28 C.F.R. § 2.100 is inapplicable. Petitioner's claims based upon the regulation will be denied.

**IV. CONCLUSION**

We will adopt Magistrate Judge Smyser's Report and Recommendation and deny the petition for writ of habeas corpus. We will additionally deny Petitioner's Supplement, styled as a "Supplemental Addendum To Petitioners Traverse" (Doc. 15). Petitioner's Supplement and objections to the Report and Recommendation, requesting that a review hearing be held, are without merit. He is not due a parole

reconsideration hearing until February of 2006.  The Commission is not obligated by any regulation within the Code of Federal Regulations to provide Petitioner with an earlier hearing date.  Moreover, the Commission made no errors in revoking Petitioner's parole for the remainder of his sentence.  Petitioner's subsequent conviction and consecutive sentence have no affect on the computation of the remaining time on Petitioner's 1995 sentence.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE F. OTTS, | : |
| | : |
| Petitioner, | : |
| | : |
| vs. | : CIVIL ACTION NO. 3:05-0306 |
| | : (JUDGE KOSIK) |
| UNITED STATES PAROLE | : |
| COMMISSION and | : |
| TROY WILLIAMSON | : |
| | : |
| Respondents. | : |

**ORDER**

AND NOW, this 31st day of AUGUST 2005, IT IS HEREBY ORDERED THAT:

[1] the Report and Recommendation of Magistrate Judge J. Andrew Smyser dated April 11, 2005 (Doc. 12) is adopted;

[2] Petitioner's petition for writ of habeas corpus (Doc. 1) is dismissed;

[3] Petitioner's "Supplemental Addendum To Petitioners Traverse" (Doc. 15) is denied; and,

[4] the Clerk of Court is directed to close this case and forward a copy of this Memorandum and Order to United States Magistrate Judge J. Andrew Smyser.

s/Edwin M. Kosik
United States District Judge